UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NEC FINANCIAL SERVICES, LLC

                                         Plaintiff,

            -against-

VICTORIA EDWARD SPA & WELLNESS, LLC,
ROBERT BRASSFIELD, and SHARIFA BRASSFIELD

                                         Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-cv-1407 (JMA) (LGD)

**FILED**
**CLERK**

1/15/2025 11:11 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff NEC Financial Services, LLC for a default judgment against Defendants Victoria Edward Spa and Wellness, LLC ("VESW"), Robert Brassfield, and Sharifa Brassfield.  (See Compl., ECF No. 1.)  Plaintiff asserts claims for breach of contract and guarantee, seeking recovery of outstanding amounts owed under a finance agreement with Defendants.  (See id.)  For the reasons set forth herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## I.  BACKGROUND

### A.    Facts

On or about December 22, 2022, MMP Capital, LLC ("MMP") entered into a finance agreement for business equipment with Defendant Victoria Edward Spa and Wellness, LLC ("VESW").  (Compl. ¶ 5; Compl., Ex. A.) VESW agreed to pay sixty (60) consecutive monthly installments of $2,483.46 to MMP.  (Id. ¶ 6.) At the same time, Defendants Robert Brassfield and Sharfia Brassfield ("Guarantors") guaranteed payment and performance of VESW's obligations under a personal guarantee agreement.  (See id.)  On or about August 19, 2022, MMP assigned to Plaintiff NEC Financial Services, LLC all rights, claims and interest under the finance agreement and personal guarantee agreement.  (Id. ¶ 18.)  On or about January 12, 2023, MMP notified

Defendants of the assignment of their obligations to Plaintiff NEC Financial Services, LLC. (Id. ¶ 20.)

The first monthly installment pursuant to the finance agreement was due February 1, 2023. (Id. ¶ 22.) On September 1, 2023, VESW failed to pay the required monthly installment. (Id. ¶¶ 23-24.) On December 15, 2023, because of VESW's default, Plaintiff accelerated the amounts owing and due pursuant to the Finance Agreement. (Id. ¶ 25.) That same day, Plaintiff mailed Defendants a demand letter for all amounts owing pursuant to the finance agreement, totaling $117,773.01. (Id. ¶ 24.) Plaintiff now requests default judgment against Defendants for damages in the amount of $117,773.01. (Id. ¶ 25.)

**B.    Procedural History**

On February 2, 2024, Plaintiff filed the Complaint. (ECF No. 1.) On March 15, 2024, all Defendants were served with the Complaint (ECF Nos. 11-13.) Defendants did not answer or otherwise respond to the Complaint. On April 16, 2024, the Clerk of the Court entered a certificate of default for all Defendants. (See ECF No. 15.) On May 16, 2024, Plaintiff filed the instant motion and served same by mail upon Defendants. (See ECF No 16.) On September 9, 2024, Plaintiff filed a letter stating that "Defendant Victoria Edward Spa & Wellness, LLC, filed a chapter 11 bankruptcy on August 9, 2024, in the United States Bankruptcy Court for the Middle District of Florida." (ECF No. 17). According to Plaintiff, "the claim against Victoria Edward Spa & Wellness, LLC is stayed by the filing of the bankruptcy, and [] the Motion for Default Judgment will continue to proceed as against defendants, Robert Brassfield and Sharifa Brassfield." (Id.) On October 31, 2024, Plaintiff confirmed that VESW's bankruptcy is still pending. (See ECF No. 18.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

### III.  DISCUSSION

**A.**    **Jurisdiction**

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites for diversity jurisdiction, as Plaintiff is a citizen of Delaware and New Jersey, Defendants are citizens of Florida, and the amount in controversy is more than $75,000. See 28 U.S.C. § 1332(a); (Compl. ¶ 7.)

**B.**    **Defendants Defaulted**

As detailed above, each Defendant was properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Part I. The Clerk of the Court properly entered a certificate of default for Defendants on April 16, 2024. (ECF No. 15.) As noted above, however, Defendant VESW filed for bankruptcy under Chapter 11,

3

which requires an automatic stay of judicial proceedings.  See 11 U.S.C. § 362 ("[A] petition filed under ... this title ... operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial ... action or proceeding against the debtor . . ."); Chavez v. Roosevelt Tropical Corp., No. 23-CV-2413, 2024 WL 4244087, at *2 (E.D.N.Y. Aug. 21, 2024), report and recommendation adopted, No. 23-CV-2413, 2024 WL 4242218 (E.D.N.Y. Sept. 18, 2024) (staying default against Defendant until Bankruptcy petition was dismissed).  Plaintiff does not dispute that its claim against VESW "is stayed by the filing of the bankruptcy."  (ECF No. 16.)  The Court therefore denies without prejudice any motion for default judgment as to Defendant VESW.

**C.    Guarantors' Liability**

The Court finds that Plaintiff establishes Defendants Robert Brassfield and Sharfia Brassfield's breach of guarantee on VESW's finance agreement.  Under New York law, "'the elements of a claim for breach of guarantee are: (1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt.'"  Keybank Nat'l Ass'n v. Nour Limo, Inc., 345 F.R.D. 555, 562 (E.D.N.Y. 2024) (quoting CDS Bus. Servs. Inc. v. Sebbag, No. 21-CV-1992, 2023 WL 7181646, at *2 (E.D.N.Y. Aug. 16, 2023)).

Here, Plaintiff alleges that Defendants' Robert Brassfield and Sharfia Brassfield guaranteed VESW's finance agreement and breached that guarantee by failing to pay.  (See Compl. ¶¶ 23-34).  Plaintiff submits copies of the finance agreement, the personal guarantee agreement, and an affidavit from Samuel Enad, Director of Credit and Collections for NEC Financial Services, LLC. (See Compl., Ex. A; ECF No. 16-3.)  These filings are sufficient to establish: (1) the guarantee to pay VESW's debt; (2) the underlying debt; and (3) Defendants Robert Brassfield and Sharfia Brassfield's failure to satisfy the unpaid debt.  See Keybank, 345 F.R.D. 555 at 563 (finding that "Plaintiff has established [Defendant's] liability for breach of guaranty" where Plaintiff provided Defendant's signed agreement guaranteeing repayment).

4

Thus, Plaintiff has established Defendants Robert Brassfield and Sharfia Brassfield's liability for breach of guarantee.

### D.    Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of compensatory damages in the amount of $117,773.01, plus post-judgment interest against Defendants Robert Brassfield and Sharfia Brassfield, jointly and severally.  (See Compl. ¶ 40.)  The Court finds that Plaintiff's submissions, including the affidavit from Mr. Enad, establish its requested compensatory damages to a reasonable certainty.  (See Compl., Ex. A; ECF No. 16-3 ¶¶ 6,15 (detailing the agreement for payment in monthly installments and outstanding total.))  Accordingly, Plaintiff is awarded $117,773.01 in compensatory damages.

### E.    Attorney's Fees and Costs

Plaintiff's Complaint also seeks to recover reasonable attorney's fees and costs.  (See Compl. ¶ 30).  Plaintiff argues that the underlying finance agreement requires Defendants to pay "all of Plaintiff's reasonable attorneys' fees, other charges, costs and expenses."  (ECF No. 16-1 at 12).  Plaintiff's failure, however, to "attach billing records or receipts to its motion . . .

warrant[s] denial of these categories of damages." <u>Keybank</u>, 345 F.R.D. 555 at 564 (collecting cases). Thus, any request for attorney's fees or costs is denied without prejudice.

## IV.  CONCLUSION

For the reasons stated above, the motion is GRANTED IN PART and DENIED IN PART. The Court denies without prejudice the motion for default judgment against Defendant VESW. The Court grants the motion for default judgment against Defendants Robert Brassfield and Sharifa Brassfield. They are jointly and severally liable to Plaintiff for $117,773.01. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. Finally, the Court denies without prejudice Plaintiff's request for reasonable attorney's fees and costs.

**SO ORDERED.**
Dated:    January 15, 2025
          Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
